MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB BUNDICK, ESQ.
Nevada Bar No. 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002
Email: ferrariom@gtlaw.com
        bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ.
Admitted *Pro Hac Vice*
**GREENBERG TRAURIG LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7723
Email: tyukodyd@gtlaw.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK FULLENKAMP, Derivatively on Behalf of ALLEGIANT TRAVEL CO.,<br><br>Plaintiff,<br><br>v.<br><br>MAURICE J. GALLAGHER, JR., JOHN T. REDMOND, GREGORY ANDERSON, SCOTT SHELDON, ERIC GUST, CHARLES W. POLLARD, LINDA A. MARVIN, GARY E. ELLMER, and MONTIE R. BREWER,<br><br>Defendants,<br><br>and<br><br>ALLEGIANT TRAVEL CO.,<br><br>Nominal Defendant. | Case No: 2:18-cv-01864-GMN-CWH<br><br>(To be related to 2:18-cv-01758 and 2:18-CV-01975)<br><br>**NOTICE OF RELATED CASES**<br><br>[Local Rule 42-1(a)] |

LV 421266457v4

Pursuant to Local Rule 42-1(a), Defendants Maurice J. Gallagher, Jr., John T. Redmond, Gregory Anderson, Scott Sheldon, Eric Gust, Charles W. Pollard, Linda A. Marvin, Gary E. Ellmer, and Montie R. Brewer (collectively, the "Defendants"), by and through their undersigned counsel of record, respectfully submit this Notice of Related Cases.

The following cases are related to the above-captioned action:

1. *Daniel Checkman v. Allegiant Travel Co.*, Case No. 2:18-CV-01758-APG-PAL (D. Nev.) (the "**Securities Class Action**"). A copy of Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws is attached hereto as Exhibit 1.

2. *Charles Blackburn v. Maurice J. Gallagher, Jr. et al.*, Case No. 2:18-CV-01975-APG-PAL (D. Nev.) (collectively, with the above-captioned action, the "**Federal Derivative Actions**"). A copy of Plaintiff's Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty is attached hereto as Exhibit 2.

Local Rule 42-1(a) provides, in relevant part, that "[a]n action may be considered to be related to another action when:

(1) Both actions involve the same parties and are based on the same or similar claim;

(2) Both actions involved the same property, transaction, or event;

(3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;

(4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or

(5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges."

As set forth below, the Federal Derivative Actions and the Securities Class Action (collectively, the "Actions") are related under Local Rule 42-1(a)(5) and should be assigned to a single district judge and magistrate judge because the Actions involve many of the same parties and the same or substantially identical questions of fact such that it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

The Actions allege claims against, or derivatively on behalf of, Allegiant, which is a nominal defendant in the Federal Derivative Actions and a named defendant in the Securities Class Action. The Actions also allege claims against members of Allegiant's executive leadership and its Board of Directors, collectively including Gallagher, Sheldon, Harfst, Bricker, John T. Redmond, Gregory Anderson, Eric Gust, Charles W. Pollard, Linda A. Marvin, Gary E. Ellmer, and Montie R. Brewer (the "Individual Defendants"). The plaintiffs in each of the Actions consist of Allegiant shareholders who held stock between June 8, 2015 and May 9, 2018, which is the purported Class Period in the Securities Class Action. *See* Ex. 1, ¶ 1 (alleging the purported class period); Complaint (ECF No. 1), ¶¶ 4, 17 (alleging plaintiff Mark Fullenkamp has been an Allegiant stockholder "from at least mid-2014 to the present"); Ex. 2, ¶ 15 (alleging plaintiff Charles Blackburn has been an Allegiant stockholder "since April 2015" to the present).

The Actions involve the same or substantially identical questions of fact. The essence of the Securities Class Action is that Defendants allegedly did not make proper investments in Allegiant's safety and maintenance programs, but falsely claimed in public statements to care about safety, including claims that Allegiant "ran a 'safe operation.'" Ex. 1, ¶ 6. Plaintiffs in the Securities Class Action point to various print articles and broadcast media over a nearly three-year purported class period, relying extensively on a CBS News *60 Minutes* broadcast about Allegiant, as purported support for the proposition that Allegiant overstated its attention to safety. *Id.*, ¶¶ 69, 101, 135, 158-159, 163, 166, 168, 172, 174, 177, 182, 219, 220-21. Similarly, in the Federal Derivative Actions, plaintiffs reference much of the same media coverage[1] to allege that the Individual Defendants breached their fiduciary duties of care and loyalty to Allegiant and cite the Securities Class Action as a key element of the harm giving rise to the Federal Derivative Actions (Complaint, ¶¶ 12, 19, 21, 22, 113, 115; Ex. 2, ¶¶ 98, 124). Although the alleged causes of action are different—one for alleged violations of the federal securities laws, and one for alleged breaches of fiduciary duty—even a casual reading will demonstrate that the Actions arise from the same set of alleged facts and circumstances.

---

[1] *See* Complaint, ¶¶ 6, 8, 10, 90, 92, 97, 98; Ex. 2, ¶¶ 6, 10, 28-35, 37-38, 44-49, 52-56, 62-69, 72-73, 79-82, 85-89, 91-92.

The assignment of the Actions to the same district judge and magistrate judge is therefore likely to affect a substantial savings of judicial effort. The plaintiffs in Federal Derivative Actions have acknowledged that "the [*Fullenkamp* and *Blackburn*] Actions contain nearly identical factual and legal contentions, and the administration of justice would be best served by consolidating the Actions." ECF No. 7. The *Blackburn* derivative action and the Securities Class Action are both already pending before the Honorable Andrew P. Gordon of the United States District Court for the District of Nevada, who will become familiar with the relevant facts and issues in the context of ruling on defendants' pending motion to dismiss the Securities Class Action. Having another court learn these same issues would result in substantial duplication of judicial effort, and having one court decide issues relating to both the Federal Derivative Actions and the Securities Class Action would avoid the possibility of inconsistent rulings on matters affecting all Actions.

DATED: January 7, 2019                              **GREENBERG TRAURIG LLP**


By: */s/ Jacob Bundick*
MARK F. FERRARIO, ESQ.
Nevada Bar No. 1625
JACOB BUNDICK, ESQ.
Nevada Bar No. 9772
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Counsel for Defendants*
*Maurice J. Gallagher, Jr., John T.*
*Redmond, Gregory Anderson, Scott*
*Sheldon, Eric Gust, Charles W. Pollard,*
*Linda A. Marvin, Gary E. Ellmer, and*
*Montie R. Brewer*

LV 421266457v4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2018, a true and correct copy of the foregoing **NOTICE OF RELATED CASES** was submitted for filing with the Clerk of the Court using the Odyssey eFileNV Electronic Service system and served on all parties with an email address on record, pursuant to Administrative Order 14-2 and Rule 9 of the N.E.F.C.R.

The date and time of the electronic proof of service is in place of the date and place of deposit in the U.S. Mail.

                                                */s/ Andrea Flintz*
                                                An employee of Greenberg Traurig, LLP

LV 421266457v4