# EXHIBIT "1"

# Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br> v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>    Defendants. | Case No. 2:18-cv-01758-APG-BNW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

  Lead Plaintiffs Charles Brendon ("Brendon") and Named Plaintiff Daniel Checkman ("Checkman") (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Allegiant Travel Company ("Allegiant" or the "Company"), Maurice J. Gallagher, Jr. ("Gallagher"), Scott Sheldon ("Sheldon"), Steven E. Harfst ("Harfst"), and Jude I. Bricker ("Bricker") (collectively, "Defendants"), have entered into the Stipulation and Agreement of Settlement dated December 27, 2019 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of this class action pending before me (the "Action"). I read and considered the Settlement Stipulation, its exhibits, and the submissions related to it. Substantial and sufficient grounds exist for entering this Order, and the Parties having consented to the entry of this Order;

  I THEREFORE ORDER that:

  1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities that purchased or acquired the publicly traded securities of Allegiant between June 8, 2015 and May 9, 2018, both dates inclusive. Excluded from the Class are Defendants, Allegiant's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order and persons with no compensable damages.

3. I find, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, I certify Plaintiffs as the class representatives on behalf of the Settlement Class ("Class Representatives") and I appoint Lead Counsel, whose selection by Lead Plaintiff was previously approved, as Lead Counsel for the Settlement Class ("Class Counsel").

5. I find that (a) the Settlement Stipulation resulted from good faith, arm's length

negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. I hereby preliminarily approve the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is scheduled for May 14, 2020 at 9:30 a.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether I should approve the Settlement as fair, reasonable, and adequate;

(c) to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Plaintiffs and the Settlement Class of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether I should approve the proposed Plan of Allocation for the distribution of the Net Settlement Fund as fair and reasonable;

(e) to consider the application of Class Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representatives;

(f) to consider Settlement Class Members' objections to the Settlement, if any; and

(g) to rule upon such other matters as I deem appropriate.

7. I may adjourn the Settlement Hearing to a later date and may approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. I may enter an Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether I approve the Plan of Allocation or awarded attorneys' fees and expenses.

8. I approve the form, substance, and requirements of (a) the Notice of Pendency and Proposed Settlement of Class ("Long Notice"), (b) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), (c) the Proof of Claim and Release Form ("Claim Form"); and (d) the Postcard Notice, all of which are exhibits to the Settlement Stipulation.

9. Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services ("SCS") is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11. Class Counsel, through the Claims Administrator, shall cause the Postcard Notice substantially in the forms annexed to the Settlement Stipulation, to be mailed, by first class mail, postage prepaid, within 16 calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or me, disburse at the direction of Class Counsel up to $200,000 from

the Settlement Fund prior to the Effective Date to pay Administrative Costs.

13. No later than five business days after the date of this Order, the Company shall provide or cause its transfer agent to provide to Class Counsel a list of the record owners of Allegiant securities during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet containing the names and addresses of Settlement Class Members. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Allegiant securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within 10 calendar days of receipt of the Postcard Notice, either: (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within 10 calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Nominees or custodians who elect to send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to a maximum of $0.05 plus postage at the pre-sort rate used by the Claims

Administrator per Postcard Notice actually mailed or $0.05 per name and address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to my further order with respect to any dispute concerning such reimbursement.

15. Class Counsel shall, at least seven calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the court proof of the mailing of the Postcard Notice as required by this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within 16 calendar days after entry of this Order.

17. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within 16 calendar days after the entry of this Order. Class Counsel shall, at least seven calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the court proof of publication of the Summary Notice.

18. These forms and methods of notifying the Settlement Class Members of the Settlement meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute sufficient notice to all persons and entities entitled to it. No Settlement Class Member will be relieved from the terms of the Settlement, including its releases, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Claim Form must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, www.strategicclaims.net by 11:59 p.m. EST on April 23, 2020; or (b) at the Post Office Box indicated in the Notice, postmarked no later than April 23, 2020. By Order, I may further extend that deadline. Each Proof of Claim and Release Form shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Claim Form; and (iv) the Claim

7

Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least 10 calendar days) to cure any deficiency that may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within 10 calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting that I review that determination. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall present to me the request for review.

(d) As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Claim Form, nor shall any discovery from or of Defendants be allowed on any topic.

20. All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

21. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than April 23, 2020 (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must (A) clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Brendon v. Allegiant Travel Company, et al*., No. 2:18-cv-01758-APG-PAL (D. Nev.)" and (B) state the date, number of shares and dollar amount of each Allegiant securities purchased or acquired during the Settlement Class Period, and any sale transactions as well as the number of shares of Allegiant securities held by the Person as of June 8, 2015 through May 9, 2018. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Allegiant securities during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Allegiant securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or I otherwise accept the exclusion. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. The Claims Administrator shall provide all requests for exclusion and supporting documentation (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline, or upon the receipt if later than the

9

1 Exclusion Deadline. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

24. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25. I will consider comments and objections to the Settlement, the Plan of Allocation, and the Fee and Expense Application. However, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order, unless that Person has served copies of objections, papers, and briefs to each of the following counsel no later than April 23, 2020:

| LEAD COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|
| THE ROSEN LAW FIRM, P.A. | |
| Jacob A. Goldberg | GREENBERG TRAURIG, LLP |
| 101 Greenwood Avenue, Suite 440 | Daniel J. Tyukody |
| Jenkintown, PA 19012 | 1840 Century Park East, Suite 1900 |
| | Los Angeles, CA 90067 |
| | |
| | And |
| | |
| | GREENBERG TRAURIG, LLP |
| | Mark F. Ferrario |
| | Jacob D. Bundick |
| | 10845 Griffith Peak Drive, Suite 600 |
| | Las Vegas, NV 89135 |

and by April 23, 2020, that Person has filed those objections, papers, and briefs, showing due proof

of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of Nevada, 333 South Las Vegas Boulevard, Las Vegas, NV 89101. To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Allegiant securities during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26. Any Settlement Class Member who does not object in this manner shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment, the Plan of Allocation, and/or the Fee and Expense Application, unless I otherwise order; shall be

11

bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders, and judgments in the Action; and shall be foreclosed from appealing from any judgment or order entered in this Action.

27. I may adjourn the Settlement Hearing without any further notice other than entry of an order. I may approve the Settlement without further notice to the Settlement Class.

28. All papers in support of the Settlement, the Plan of Allocation, or the Fee and Expense Application shall be filed and served no later than 28 calendar days before the Settlement Hearing.

29. Any submissions filed in response to any objections or in support of the Settlement, the Plan of Allocation, or the Fee and Expense Application shall be filed no later than seven calendar days prior to the Settlement Hearing.

30. Defendants, their counsel, their Insurers and other Released Defendant Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed until I further order.

////

32. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the court and shall remain subject to my jurisdiction until they are distributed or returned under the Settlement Stipulation and Plan of Allocation or I further order.

33. Neither the Settlement Stipulation nor any of the negotiations or proceedings connected with it shall be construed as an admission by Defendants, their counsel, their Insurers, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and shall not be construed as, or deemed to be, evidence of or an admission that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of the negotiations or proceedings connected with it, nor this Order, shall be construed as an admission by the Class Representative of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

34. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order shall be null and void and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to December 27, 2019.

35. I may alter the time or the date of the Settlement Hearing without further notice to the Class Members, but the Settlement Hearing will not be set at a time or date earlier than the time and date set forth in ¶ 6 above.

Dated: January 14, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

13