MARK E. FERRARIO, ESQ.
Nevada Bar No.: 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No.: 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:   702-792-3773
Facsimile:   702-792-9002
Email:       ferrariom@gtlaw.com
             bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ. (*Admitted Pro Hac Vice*)
California Bar No.: 123323
**GREENBERG TRAURIG LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:   310-586-7723
Facsimile:   310-586-7800
Email:       tyukodyd@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT COURT OF NEVADA

| | |
|---|---|
| IN RE ALLEGIANT TRAVEL CO. STOCKHOLDERS DERIVATIVE LITIGATION | Master File No.: 2:18-cv-01864<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED VERIFIED STOCKHOLDER DERIVATIVE COMPLAINT**<br><br>*[Filed concurrently with Motion to Dismiss and Declaration of Jacob D. Bundick]* |

///

Nominal Defendant Allegiant Travel Co. ("Allegiant" or the "Company") and Individual Defendants—Maurice J. Gallagher, Jr., John Redmond, Gregory Anderson, Scott Sheldon, Eric Gust, Charles W. Pollard, Linda A. Marvin, Gary F. Ellmer, and Montie R. Brewer (collectively with Allegiant, "Defendants")—by and through their counsel, the law firm of Greenberg Traurig, LLP, respectfully submit that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents referenced below in connection with Defendants' Motion to Dismiss Plaintiff's Amended Verified Stockholder Derivative Complaint ("Complaint").[1]

## I. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

On a motion to dismiss a securities complaint, "courts must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Panella v. Tesco Corp.*, 2019 U.S. Dist. LEXIS 65844, at *6 (S.D. Tex. Mar. 29, 2019) (citing *Tellabs* judicial notice rule in granting motion to dismiss Section 14(a) action). Judicial notice of a fact is proper where the fact is "not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. Documents from Other Judicial Proceedings Are Properly Subject to Judicial Notice.

Courts may take judicial notice of documents, pleadings, and orders filed in other litigation. *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public records"); *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1112 (C.D. Cal. 2003) ("Court orders and filings are the type of documents that are

---

[1] All "¶" citations refer to the Complaint.

properly noticed under [Rule 201(b)]."). Courts are especially warranted in taking judicial notice of related proceedings in another (or the same) court if those proceedings have a "direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992).

The Complaint directly references *Charles Brendon v. Allegiant Travel Co., et al.*, Case No. 2:18-cv-01758 (D. Nev. Apr. 24, 2018) ("*Brendon*"), a federal securities class action with related factual allegations that is pending before this Court with a final settlement approval hearing set for May 14, 2020. ¶¶ 12, 20-23, 121-23 (referring to *Brendon* as "*Checkman*" or the "Securities Class Action"). In addition, the Complaint's allegations are similar to allegations in a parallel Nevada state court derivative action against Allegiant that was dismissed due to lack of standing and entitled *Charlotte Woolery v. Maurice J. Gallagher, Jr., et al.*, Case No. A-18-785044-C (Nevada Eighth Jud. Dist. Ct. Nov. 27, 2018) ("*Woolery*").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents:

1. The Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement in *Brendon*, issued on January 14, 2020 and attached to the Declaration of Jacob D. Bundick ("Bundick Declaration") as **Exhibit 1**.

2. The Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment in *Woolery*, filed on November 27, 2018 and attached to the Bundick Declaration as **Exhibit 2**.

3. The Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss in *Brendon*, issued on September 9, 2019 and attached to the Bundick Declaration as **Exhibit 3**.

/ / /

/ / /

**B.     News Publications and Reports on Historical Facts are Properly Subject to Judicial Notice.**

The Ninth Circuit has held that courts may take judicial notice of news publications and reports about historical facts. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995) (taking judicial notice of report about corporate layoffs); *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *Trevino v. United States*, 804 F.2d 1512, 1518 (9th Cir. 1986) (taking judicial notice of economic report regarding inflation and oil prices over several years); *Sobel v. Hertz Corp.*, 2007 U.S. Dist. LEXIS 68640, at *8-9 (D. Nev. Sept. 13, 2007) (taking judicial notice of report on car rental industry).

In addition, Rule 201 "is designed to permit judicial recognition of material such as scientific data or historical fact that, although outside the common knowledge of the community, is nevertheless ascertainable with certainty without resort to cumbersome methods of proof." *Melong v. Micronesian Claims Com.*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980); *see also Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 299 (S.D.N.Y. 2012) (Rule 201 "permits judicial notice of historical facts"); *Weinstein's Federal Evidence* § 201.12[5] (2020) ("Courts may take judicial notice of historical facts revealed in authoritative writings when there is no dispute about the authenticity of the materials and judicial notice is limited to factual matters that are incontrovertible").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following document:

4.     The *2019 Review and Analysis of Securities Class Action Settlements* prepared by Cornerstone Research this year and identifying average settlement amounts between 2010 and 2019 (Appendix 1 at 19), attached to the Bundick Declaration as **Exhibit 4**.

### C. Documents Filed with the U.S. Securities and Exchange Commission are Properly Subject to Judicial Notice.

It is well established that a district court may take judicial notice of the contents of public disclosure documents required to be filed with the U.S. Securities and Exchange Commission ("SEC") in connection with a motion to dismiss. *See, e.g.*, *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821-22 (C.D. Cal. 1998) (taking judicial notice of various SEC filings on a motion to dismiss); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice).

The Complaint's allegations specifically refer to a May 12, 2016 Schedule 14A proxy statement that is the subject of Plaintiff's Section 14(a) claim. ¶¶ 111, 148-51. Thus, this document may be considered under the incorporation by reference doctrine. *See In re Am. Express Co. Shareholder Litig.*, 840 F. Supp. 260, 270 n.3 (S.D.N.Y. 1993) (taking judicial notice of proxy statement because it was "specifically cited within the Complaint and is the basis for the Section 14(a) claim"); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-08 (9th Cir. 2018) (incorporating by reference market reports that formed the basis of plaintiff's claims and were cited in the complaint); *Plevy*, 38 F. Supp. 2d at 821 (taking judicial notice of documents "cited, quoted from, and/or referenced in the [complaint]"); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents which were publicly filed with the SEC:

5. A Schedule 14A report for Allegiant, filed with the SEC on May 12, 2016 and attached to the Bundick Declaration as **Exhibit 5**.

/ / /

/ / /

## II. CONCLUSION

For the above reasons, the Defendants respectfully request that the Court take judicial notice of Exhibits 1-5 of the Bundick Declaration.

Respectfully submitted this 23rd of April, 2020.

**GREENBERG TRAURIG, LLP**

By  */s/ Jacob D. Bundick*
MARK E. FERRARIO, ESQ.
Nevada Bar No.: 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No.: 9772
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DANIEL J. TYUKODY, ESQ.
(*Admitted Pro Hac Vice*)
California Bar No.: 123323
**GREENBERG TRAURIG LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April, 2020, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                              */s/ Andrea Flintz*
                                        an employee of Greenberg Traurig, LLP