# EXHIBIT "B"

# EXHIBIT "B"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BRENDON and DANIEL CHECKMAN, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY, MAURICE J. GALLAGHER, JR., SCOTT SHELDON, STEVEN E. HARFST, and JUDE I. BRICKER,<br><br>Defendants | Case No.: 2:18-cv-01758-APG-BNW<br><br>**Order and Final Judgment**<br><br>[ECF Nos. 74, 76] |

On May 14, 2020, I conducted a telephonic hearing to determine: (1) whether the terms of the Stipulation and Agreement of Settlement dated December 27, 2019 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs incentive fees.

It appears that the Notice of Pendency and Proposed Settlement of Class Action ("Notice") substantially in the form I approved in my Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated January 14, 2020 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, as I ordered.

It appears that the Summary Notice of Pendency and Proposed Class Action Settlement substantially in the form I approved in the Preliminary Approval Order was published as I ordered.

**THEREFORE, I HEREBY ORDER AS FOLLOWS:**

1. The Plaintiffs' motion or final approval **(ECF No. 74)** and motion for attorneys' fees **(ECF No. 76) are granted**.

2. This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

3. The court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Defendants.

4. The prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

   (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

   (b) there are questions of law and fact common to the Settlement Class;

   (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

   (d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

   (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

   (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

   i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

   ii. the extent and nature of any litigation concerning the controversy already

commenced by Settlement Class Members;

    iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv.    the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

5.    I hereby finally certify this as a class action for purposes of the Settlement under Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of all persons and entities that purchased or acquired the publicly traded securities of Allegiant between June 8, 2015 and May 9, 2018, both dates inclusive ("Settlement Class Period"). Excluded from the Class are Defendants, Allegiant's officers and directors, their immediate family members, and entities in which such excluded person hold a controlling interest. Also excluded are Settlement Class Members who file valid and timely requests for exclusion in accordance with this Preliminary Approval Order and persons with have no compensable damages. Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Plaintiffs and appointed by me, are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.    In accordance with my Preliminary Approval Order, I find that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Federal Rule of Civil Procedure 23, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the

3

Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class. The Settlement is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representative, Settlement Class Members, and Defendants. The Parties are ordered to consummate the Settlement in accordance with the terms of the Settlement Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming through or on behalf of them (regardless of whether any such Releasing Party ever seeks or obtains by any means, including by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund) are deemed to have fully released all Released Claims against the Released Parties. The Releasing Parties are deemed to have agreed not to sue the Released Parties regarding to any Released Claims in any forum and in any capacity. The Releasing Parties are permanently barred from commencing, prosecuting, assisting, or in any way participating in the commencement or prosecution of any proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. This does not bar the Releasing Parties from bringing an action or claim to enforce the Settlement Stipulation or this Order and Final Judgment.

10. All Persons are permanently enjoined from commencing or prosecuting any claims, for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or are obligated or to pay to the Settlement Class or any Settlement Class Member arising out of

4

or relating to such Persons' participation in any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in any federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall bar or otherwise affect any claim for insurance coverage by any Defendant.

11. The proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are ordered to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

12. All Settling Parties and their counsel have complied with all requirements of Federal Rule of Civil Procedure 11 and the Private Securities Litigation Record Act of 1995.

13. Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms, nor any of the negotiations, documents, or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of the Defendants, the Released Parties, or any of them;

(b) is or may be deemed to be or may be used as an admission or evidence of any fault, misrepresentation, or omission with respect to any statement or written document attributed to, approved, or made by any of the Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c) is or may be deemed to be or shall be used, offered, or received against the Parties, Defendants or the Released Parties, or any of them, as an admission or

5

evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission against Defendants, or the Released Parties, or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than, or greater than the amount which could have been recovered after trial.

14. The Released Parties may file the Settlement Stipulation or this Order and Final Judgment in any action that is brought against them in order to support a defense or counterclaim based on res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion. The Settling Parties may file the Settlement Stipulation or this Order and Final Judgment in any proceeding that becomes necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

15. Except as otherwise provided here or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the court until such time as the funds are distributed or returned under the Settlement Stipulation or further order of the Court.

16. Without affecting the finality of this Order and Judgment in any way, this court retains exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees

and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

17. Without further order of the Court, the Defendants and Class Representative may agree to reasonable extensions of time to carry out any provision of the Settlement Stipulation.

18. There is no just reason to delay entry of this Order and Final Judgment. I therefore direct immediate entry of judgment under Federal Rule of Civil Procedure 54(b).

19. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that I make on Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representative.

20. Class Counsel are hereby awarded 25% of the Settlement Amount in fees, which is fair and reasonable, and $28,078.85 in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Class Representatives Charles Brendon and Daniel Checkman are awarded $5,000 each, which is fair and reasonable.

21. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment and except as provided in the Settlement Stipulation or by order of the court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to September 10, 2019, as stated in the Settlement Stipulation.

DATED this 14th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT A

## Parties Excluded From Settlement

Eric Hollander