MARK E. FERRARIO, ESQ.
Nevada Bar No.: 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No.: 9772
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone:   702-792-3773
Facsimile:    702-792-9002
Email:          ferrariom@gtlaw.com
                    bundickj@gtlaw.com

DANIEL J. TYUKODY, ESQ. (*Admitted Pro Hac Vice*)
California Bar No.: 123323
**GREENBERG TRAURIG LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:   310-586-7723
Facsimile:    310-586-7800
Email:          tyukodyd@gtlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ALLEGIANT TRAVEL CO. STOCKHOLDERS DERIVATIVE LITIGATION | Master File No.:  2:18-cv-01864<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED VERIFIED CONSOLIDATED STOCKHOLDER DERIVATIVE COMPLAINT**<br><br>*[Filed concurrently with Motion to Dismiss and Declaration of Jacob D. Bundick]* |

Nominal Defendant Allegiant Travel Co. ("Allegiant" or the "Company") and Individual Defendants—Maurice J. Gallagher, Jr., John Redmond, Gregory Anderson, Scott Sheldon, Eric Gust, Charles W. Pollard, Linda A. Marvin, Gary F. Ellmer, and Montie R. Brewer (collectively with Allegiant, "Defendants")—respectfully submit that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents referenced below in connection with Defendants' Motion to Dismiss Plaintiffs' Third Amended Verified Consolidated Stockholder Derivative Complaint ("TAC").[1]

I. **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

On a motion to dismiss a securities complaint, "courts must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Panella v. Tesco Corp.*, 2019 U.S. Dist. LEXIS 65844, at *6 (S.D. Tex. Mar. 29, 2019) (citing *Tellabs* judicial notice rule in granting motion to dismiss Section 14(a) action). Judicial notice of a fact is proper where the fact is "not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

A. **Documents from Other Judicial Proceedings are Properly Subject to Judicial Notice.**

Courts may take judicial notice of documents, pleadings, and orders filed in other litigation. *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public records"); *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101,

---

[1] All "¶" citations refer to the redlined TAC attached as Exhibit A to the concurrently filed Declaration of Jacob D. Bundick because, as discussed within the Motion to Dismiss the TAC, the TAC itself has no paragraph numbers.

1112 (C.D. Cal. 2003) ("Court orders and filings are the type of documents that are properly noticed under [Rule 201(b)]."). Courts are especially warranted in taking judicial notice of related proceedings in another (or the same) court if those proceedings have a "direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992).

The TAC directly references *Charles Brendon v. Allegiant Travel Co., et al.*, Case No. 2:18-cv-01758 (D. Nev. Apr. 24, 2018) ("*Brendon*"), a federal securities class action with related factual allegations in which the Court granted Plaintiffs' motion for final approval of a class action settlement on May 14, 2020. ¶¶ 12, 20-23, 121-23 (referring to *Brendon* as "*Checkman*" or the "Securities Class Action").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents:

1. The Court's Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement in *Brendon*, issued on May 14, 2020 and attached to the Declaration of Jacob D. Bundick ("Bundick Declaration") as **Exhibit B**.

2. The Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss in *Brendon*, issued on September 9, 2019 and attached to the Bundick Declaration as **Exhibit C**.

**B.  News Publications and Reports on Historical Facts are Properly Subject to Judicial Notice.**

The Ninth Circuit has held that courts may take judicial notice of news publications and reports about historical facts. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995) (taking judicial notice of report about corporate layoffs); *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *Trevino v. United States*, 804 F.2d 1512, 1518 (9th Cir. 1986) (taking judicial notice of economic report regarding

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002

inflation and oil prices over several years); *Sobel v. Hertz Corp.*, 2007 U.S. Dist. LEXIS 68640, at *8-9 (D. Nev. Sept. 13, 2007) (taking judicial notice of report on car rental industry).

In addition, Rule 201 "is designed to permit judicial recognition of material such as scientific data or historical fact that, although outside the common knowledge of the community, is nevertheless ascertainable with certainty without resort to cumbersome methods of proof." *Melong v. Micronesian Claims Com.*, 643 F.2d 10, 12 n.5 (D.C. Cir. 1980); *see also Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 299 (S.D.N.Y. 2012) (Rule 201 "permits judicial notice of historical facts"); *Weinstein's Federal Evidence* § 201.12[5] (2020) ("Courts may take judicial notice of historical facts revealed in authoritative writings when there is no dispute about the authenticity of the materials and judicial notice is limited to factual matters that are incontrovertible").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following document:

3. The *2019 Review and Analysis of Securities Class Action Settlements* prepared by Cornerstone Research in 2020 and identifying average settlement amounts between 2010 and 2019 (Appendix 1 at 19), attached to the Bundick Declaration as **Exhibit D**.

**C.  Documents Filed with the U.S. Securities and Exchange Commission are Properly Subject to Judicial Notice.**

It is well established that a district court may take judicial notice of the contents of public disclosure documents required to be filed with the U.S. Securities and Exchange Commission ("SEC") in connection with a motion to dismiss. *See, e.g.*, *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821-22 (C.D. Cal. 1998) (taking judicial notice of various SEC filings on a motion to dismiss); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice).

/ / /

The TAC's allegations specifically refer to a May 12, 2016 Schedule 14A proxy statement that is the subject of Plaintiffs' Section 14(a) claim. ¶¶ 111, 148-51. The TAC also specifically refers to a "May 17, 2019" Schedule 14A proxy statement, by which Plaintiffs appear to mean an April 30, 2019 Schedule 14A containing the language quoted in the TAC. ¶¶ 20-21, 133. Thus, these documents may be considered under the incorporation by reference doctrine. *See In re Am. Express Co. Shareholder Litig.*, 840 F. Supp. 260, 270 n.3 (S.D.N.Y. 1993) (taking judicial notice of proxy statement because it was "specifically cited within the Complaint and is the basis for the Section 14(a) claim"); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-08 (9th Cir. 2018) (incorporating by reference market reports that formed the basis of plaintiff's claims and were cited in the complaint); *Plevy*, 38 F. Supp. 2d at 821 (taking judicial notice of documents "cited, quoted from, and/or referenced in the [complaint]"); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").

Pursuant to this authority, Defendants hereby request that the Court judicially notice the following documents which were publicly filed with the SEC:

 4. A Schedule 14A report for Allegiant, filed with the SEC on May 12, 2016 and attached to the Bundick Declaration as **Exhibit E**.

 5. Excerpts of a Schedule 14A report for Allegiant, filed with the SEC on April 30, 2019 and attached to the Bundick Declaration as **Exhibit F**.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. CONCLUSION

For the above reasons, the Defendants respectfully request that the Court take judicial notice of Exhibits B-E of the Bundick Declaration.

Respectfully submitted this 5th of April, 2021.

**GREENBERG TRAURIG, LLP**

By /s/ *Jacob D. Bundick*
MARK E. FERRARIO, ESQ.
Nevada Bar No.: 1625
JACOB D. BUNDICK, ESQ.
Nevada Bar No.: 9772
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

DANIEL J. TYUKODY, ESQ.
(*Admitted Pro Hac Vice*)
California Bar No.: 123323
**GREENBERG TRAURIG LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of April, 2021, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

                                            */s/ Andrea Flintz*
                                            an employee of Greenberg Traurig, LLP

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

7
REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS THIRD AMENDED
VERIFIED CONSOLIDATED STOCKHOLDER DERIVATIVE COMPLAINT

ACTIVE 56413715v1