MARTIN A. MUCKLEROY, ESQ.
Nevada Bar No. 009634
MUCKLEROY LUNT, LLC
6077 S. Fort Apache, Ste. 140
Las Vegas, NV 89148
Phone: (702) 907-0097
Direct: (702) 534-6272
Fax: (702) 938-4065
martin@muckleroylunt.com

*Attorney for Plaintiffs*

(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ALLEGIANT TRAVEL CO. STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 2:18-cv-01864<br><br>**DECLARATION OF DAVID J. STONE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL OF ACTION PURSUANT TO RULES 23.1 AND 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

I, David J. Stone, declare as follows:

1. I am an attorney duly-licensed to practice law in the State of New York and a member of the law firm Bragar, Eagel & Squire, P.C.. I am admitted *pro hac vice* to practice before this Court in the above-captioned action. I am counsel of record for Plaintiffs Mark Fullenkamp and Charles Blackburn (collectively "Plaintiffs").

2. I support this declaration in support of Plaintiffs' motion to voluntarily dismiss this derivative action with prejudice pursuant to Rules 23.1(c) and 41(a)(2) of the Federal Rules of Civil Procedure. I have personal knowledge of statements made herein and, if called to do so, I would testify thereto.

1
DECLARATION OF DAVID J. STONE IN SUPPORT OF PLAINTIFFS' MOTION FOR
VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 23.1 AND 41(a)(2)

3.     On July 20, 2018, Plaintiff Blackburn filed a verified shareholder derivative complaint in the United States District Court for the Central District of California, *Blackburn v. Gallagher, Jr., et al.*, Case No. 2:18-cv06296-GW-SSx, which was transferred to this Court on October 10, 2018.

4.     On September 26, 2018, Plaintiff Fullenkamp filed his verified shareholder derivative complaint in this Court (Dkt. No. 1).

5.     On January 9, 2019, this Court consolidated the Fullenkamp and Blackburn actions (Dkt. No. 11), and the Plaintiffs filed a consolidated derivative action on April 8, 2019 (Dkt. No. 12).

6.     On May 13, 2019, the Court entered an order staying the consolidated derivative action until the court in a related securities class action, *Checkman v. Allegiant Travel Co., et al.*, Case No. 1:18-cv-01758-APG-PAL, issued a decision on a pending motion to dismiss in that action. (Dkt. No. 14). On September 9, 2019, the court in the related securities action granted in part and denied in part defendants' motion to dismiss.

7.     On March 24, 2020, Plaintiffs filed their second amended complaint. (Dkt. No. 20).

8.     Defendants moved to dismiss the second amended complaint on April 23, 2020 (Dkt. Nos. 21-23), which was opposed by Plaintiffs on May 26, 2020 (Dkt. No. 25).  Defendants filed their reply papers on June 25, 2020. (Dkt. No. 28).

9.     On December 18, 2020, the Court issued an order granting dismissal of the action with leave to re-plead. (Dkt. No. 30).

10.     On January 4, 2021, the Court entered a scheduling order providing that the third amended complaint would be filed by February 18, 2021, defendants' answer or motion would be filed 45 days thereafter (April 4, 2021); Plaintiffs' opposition 45 days thereafter (May 20, 2021), and Defendants' reply would be due 45 days later (July 6, 2021). (Dkt. No. 32).

11.     On February 18, 2021, Plaintiffs filed the third amended complaint. (Dkt. No. 33).

12.     On April 5, 2021, Defendants filed their motion to dismiss.  (Dkt. Nos. 35-37).

13. After reading the opposition, Plaintiffs determined not to pursue the case. However, as a result of miscommunication among Plaintiffs' counsel, this decision was not relayed to defendants until June 15th (still well in advance of Defendants' reply date of July 6, 2021) when Plaintiffs requested that Defendants jointly stipulate to the dismissal of the action with prejudice.

14. Having not heard a response, Plaintiffs again contacted defense counsel on June 22, 2021 seeking their assent. On June 23, 2021, defense counsel stated that defendants were not amenable to so stipulate.

15. On June 24, 2021, Plaintiffs' counsel sought Defendants' assent to a motion to voluntarily dismiss. On June 25, 202, Plaintiffs' counsel was advised that Defendants would not oppose the dismissal motion.

16. Plaintiffs seek voluntarily dismissal pursuant to F.R.C.P. Rule 23.1(c), which provides that a derivative action may only be voluntarily dismissed upon order by the presiding court.

17. Plaintiffs further seek entry of such an order pursuant to Rules 23.1(c) and 41(a)(2) because: i) there has been no settlement or compromise of the action; (ii) there has been no collusion among the parties; and (iii) neither Plaintiffs nor their counsel have received or will receive directly or indirectly any consideration from defendants for the dismissal.

18. Shareholder notice of this voluntary dismissal is unnecessary because Allegiant shareholders are not precluded from pursuing claims already filed that will continue to be litigated by the parties in another derivative action. The rights of shareholders are not affected as there is a related derivative litigation captioned *City of Warren Police & Fire Retirement System v. Gallagher, Jr., et al.*, Case No. A-19-804089-C ("*Gallagher*") pending in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark. The *Gallagher* case was stayed pending the resolution of this Action and will resume following the voluntary dismissal.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 25h day of June, 2021 at New York, NY.

1
2                                                          /s/  David J. Stone
                                                          David J. Stone
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
                                              4
28   DECLARATION OF DAVID J. STONE IN SUPPORT OF PLAINTIFFS' MOTION FOR
        VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 23.1 AND 41(a)(2)